[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13472
Non-Argument Calendar

_____

D. C. Docket No. 95-14025-CR-KLR


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES E. STOKES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2009)

Before EDMONDSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Charles E. Stokes, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c). No reversible error has been shown; we affirm.

Stokes was convicted of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Stoke's base offense level was 32 when calculated pursuant to U.S.S.G. § 2D1.1. But Stoke's sentence was enhanced because he was classified as a career offender under U.S.S.G. § 4B1.1(a): he was at least eighteen years old at the time of the instant drug felony offense; and he had two earlier drug felony convictions. Because the statutory maximum sentence for the offense was life, with the career offender enhancement Stokes's total offense level was 37, U.S.S.G. § 4B1.1(b); and Stoke's guideline imprisonment range was 360 months to life imprisonment. Also, the government filed a notice of sentence enhancement pursuant to 21 U.S.C. § 851; three prior drug convictions were cited to enhance Stokes's sentence to a statutory mandatory minimum of life imprisonment. 21 U.S.C. § § 841(b)(1)(A) and 851. The mandatory minimum term of life imprisonment was imposed.

Pursuant to 18 U.S.C. § 3582(c)(2), Stokes filed a motion to reduce his sentence based on a retroactive amendment of the guidelines for crack-cocaine

2

offenses.[1]  The district court denied the motion.  On appeal, Stokes argues that he was due a section 3582(c) reduction: his crack-cocaine sentence was based on the amended guideline even if the sentence imposed was otherwise enhanced. Stokes also seeks to argue that the enhanced penalty provisions were applied incorrectly to him; that United States v. Booker, 125 S.Ct. 738 (2005), requires the guidelines to be applied in an advisory fashion in section 3582(c)(2) proceedings; and that the Sentencing Commission exceeded its authority when it limited section 3582(c)(2) reductions to a two-level decrease.  None of these arguments are of merit.

United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. March 9, 2009)(No. 08-8554), and United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), are dispositive of  Stokes's claimed entitlement to a sentence reduction based on Amendment 706.  In Moore, the defendants also sought the benefit of Amendment 706 but were sentenced as career offenders; we affirmed that the district court lacked authority under section 3582(c)(2) to grant the requested sentence reductions:

> Where a retroactively applicable guideline amendment
> reduces a defendant's base offense level, but does not

---

[1]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack-cocaine offenses.  Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

> alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.

Moore, 541 F.3d at 1330. And in Williams, we concluded that a statutorily mandated minimum sentence displaced an otherwise shorter guidelines sentence in the same manner as did the section 4B1.1 enhanced career offender provisions; Amendment 706 effected no change to a statutorily imposed mandatory minimum sentence. Id. at 1339-40. Because Stokes's life sentence was not impacted on by Amendment 706's offense level reduction, the district court was without authority to grant the requested relief.

Stokes seeks to challenge the correctness of the enhancement applied at his sentencing in 1996. But a section 3582 proceeding allows a sentence previously imposed to be revisited only to the extent that the sentence is affected by a guidelines amendment made retroactively applicable; the district court had no authority to reconsider Stokes's sentence on the ground that it was incorrect from the start. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (except for consideration of the guideline range that has been amended, all original sentencing determinations remain unchanged).

About Stokes's claimed Booker error, Booker too has no application to

4

section 3582(c)(2) motions.  <u>Moreno</u>, 421 F.3d at 1220.  And Stokes's argument that the Sentencing Commission exceeded its authority when it cabined the district court's section 3582 authority is foreclosed by <u>United States v. Melvin</u>, 556 F.3d 1190, 1192 (11th Cir. 2009) (rejecting argument that <u>Booker</u> or <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), prohibit limitations on a judge's discretion in a section 3582 proceeding), <u>cert</u>. <u>denied</u>, (U.S. May 18, 2009)(No. 08-8664).

AFFIRMED.